UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

In re:

Victor M. Covarrubias aka
Victor Manuel Covarrubias,

    Alleged Debtor

Victor M. Covarrubias aka
Victor Manuel Covarrubias,

    Appellant

v.

Kelly McGhee-Pane,

    Appellee

Case No. 2:22-cv-01025-CDS

**Order Remanding to Bankruptcy Court, Dismissing Appeal, and Closing Case**

    Alleged debtor and appellant Victor Covarrubias submits notice of Indicative Ruling of Dismissal of Involuntary Petition after United States Bankruptcy Court Chief Judge August B. Landis issued an indicative ruling under Federal Rules of Bankruptcy Procedure 8008(a)(3). ECF No. 6. For the following reasons, I dismiss the pending appeal, remand this matter back to the bankruptcy court for further proceedings, and close this case.

I.    **Background**

    Covarrubias filed a notice of appeal in the United States District Court for the District of Nevada seeking relief from an order denying the dismissal of an involuntary Chapter 7 bankruptcy petition filed against him by appellee Kelly McGhee-Pane. *See generally* Appeal Notice, ECF No. 1. While the appeal was pending, Covarrubias and McGhee-Pane simultaneously filed motions for summary judgment in bankruptcy court. ECF No. 6-1 at 3. Covarrubias included a request that Judge Landis issue an indicative ruling under Fed. R. Bankr. P. 8008. ECF No. 6-1 at 3.

Subsequent to a hearing on the parties' motions for summary judgment, Judge Landis issued an indicative ruling stating that, if the matter were remanded back to the bankruptcy court, the court would issue orders resolving the parties' motions for summary judgment thereby dismissing the case. *Id.* at 4.

## II.  Discussion

The filing of a notice of appeal from a decision of the bankruptcy court divests that court of jurisdiction. *Hagel v. Drummond* (*In re Hagel*), 184 B.R. 793, 798 (B.A.P. 9th Cir. 1995). However, the Federal Rules of Bankruptcy Procedure authorize the bankruptcy court to provide relief pending appeal by making an indicative ruling. *See generally* Fed. R. Bank. P. 8008. Essentially, the rule authorizes the bankruptcy court and the appellate court to share jurisdiction over the matter. This permits the bankruptcy court, through an indicative ruling, to communicate to the appellate court its intention to provide relief if the appeal is remanded for the purpose of revesting the bankruptcy court with jurisdiction to do so. *See In re Halper*, 2019 WL 2762340, at *3 (B.A.P. 9th Cir. June 28, 2019) (allowing a bankruptcy court to evaluate timely-filed motions for relief where it would otherwise lack decisional authority because an appeal was pending). Here, under Rule 8008, the bankruptcy court issued such an indicative ruling as a component of Covarrubias's motion for summary judgment. Judge Landis stated that, upon remand, he would deny McGhee-Pane's motion for summary judgment and grant Covarrubias's motion for summary judgment. While Covarrubias does not take any position on whether I should dismiss the pending appeal or retain jurisdiction (ECF No. 6 at 3), I remand the matter to the bankruptcy court to promote the "just, speedy and inexpensive determination of [the] case and proceeding." *See* Fed. R. Bankr. P. 1001.

III.     Conclusion

For the reasons stated above, I hereby order that this appeal is remanded to the bankruptcy court for the purpose of revesting that court with jurisdiction to consider and rule on the motions for summary judgment.

IT IS HEREBY ORDERED that this case is remanded to the bankruptcy court for further proceedings under Rule 8008 and that this court relinquishes jurisdiction over the case.

IT IS FURTHER ORDERED that the appellant Victor M. Covarrubias's appeal from bankruptcy court **[ECF No. 1]** is DISMISSED.

The Clerk of Court is directed to close this case.

DATED: March 6, 2023

_____
Cristina D. Silva
United States District Judge

3